IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK DONAHUE,** )<br>     Plaintiff,                  )<br>                                        )<br>     v.                                )<br>                                        )<br>                                        )<br>                                        )<br>**CHARLES LAWRENCE, et al,** )<br>     Defendants.              ) | C.A. No. 1:21-cv-70<br><br><br>RE: Motion to Dismiss [13] |

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is the partial Motion to Dismiss and to Strike. ECF No. 13. The motion will be denied.

## I.  RELEVANT PROCEDURAL HISTORY

Plaintiff Patrick Donahue brings this action against Defendants Charles Lawrence and the Borough of Saegertown. In his Complaint, Plaintiff asserts two constitutional claims (equal protection and due process) and a state law claim (malicious prosecution). Defendants filed a partial motion to dismiss[1] [ECF No. 13], Plaintiff filed a brief in opposition [ECF No. 15], and Defendants responded with a reply brief [ECF No. 16]. The motion is fully briefed and is ripe for disposition by this Court.

## II. STANDARDS OF REVIEW

---

[1] Defendants seek to dismiss the equal protection and due process claims and to strike certain subparagraphs of ¶ 15 as time barred.

1

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that, the "court may strike from a pleading any insufficient defenses or any redundant, immaterial, impertinent or scandalous matter." The Rule "allows the Court to ensure that spurious issues will not pollute the trial." *U.S. v. 0.28 Acre of Land*, 2009 WL 4408194, at *2 (W.D. Pa. 2009).

### B. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewics*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (May 8, 2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id. citing Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) *citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555, *citing Papasan*, 48 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) *quoting Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. THE FACTUAL ALLEGATIONS OF THE COMPLAINT

Although Defendants dispute many of these allegations, in the face of a motion to dismiss this Court assumes the veracity of all well-pleaded factual allegations. *Burtch*.

Mr. Donahue identifies himself as the owner and lessor of rental property in the

Borough of Saegertown. Charles Lawrence is identified as the Borough Manager and Code Enforcement Officer.

Mr. Donahue alleges that during a visit to the Borough office while discussing recent fires, he made a casual comment observing that firefighters are often found responsible for arson.[2] Then, Mr. Lawrence targeted him with a campaign of relentless harassment. Lawrence began issuing citations to Plaintiff for failing to maintain his rental property, despite the property being in good condition. These citations span the time frame between May 24, 2010 through May 15, 2019. ECF No. 1, ¶ 15(a) – (j).[3]

On August 5, 2019, a district magistrate ordered Plaintiff to pay fines to the Borough for the violations of which Lawrence had accused him. *Id*. at ¶ 17. Acting pursuant to Saegertown

---

[2] Shortly thereafter, two firefighters from the Saegertown volunteer fire department were charged with setting nine house fires.

[3] According to the complaint, Plaintiff was cited on:

- May 24, 2010 for excess grass height and failing to maintain a garage in good repair;
- June 23, 2010 for debris on property;
- August 16, 2010 for structural maintenance to the house and "lawn needs mowed and trimmed'";
- October 5, 2010 for failing to correct the alleged violations outline in the May, June, and August notice, and threatening that charges would be filed for violating the municipal code;
- February 21, 2011 – advising that charges were being filed against Plaintiff for tenants allegedly allowing more than two adults to live at a residence and for storing tires outdoors;
- June 1, 2011 advising that Lawrence would be conducting a site inspection of a rental property to look for violations including that "windows be free of chipped and peeling paint," siding on garage must be "weather tight," and there should be no debris or rubbish on property;
- August 28, 2015 for tenants storing "junk" behind their garage and allowing pets to run free;
- April 1, 2016 for tenants storing junk behind house;
- June 21, 2018 for failing to ensure that garage doors were in "good repair"; and
- May 15, 2019 for failing to ensure there was no "junk" on property and garage doors in good repair, and imposing a fine on Plaintiff to pay for the certified letters he had been sent previously by Lawrence.

4

Borough Property Code, Donahue attempted to appeal this fine to the Borough Board of Appeals.

Despite the fact it was required to do so, the Borough had not established an appeals board and, by letter dated August 28, 2019, Plaintiff was advised that no such Board existed. *Id*. at ¶¶ 19-20. The letter offered Plaintiff the opportunity to meet with Lawrence and Attorney Jeffrey Millin "to discuss the issues with respect to the property … with the hope that we could come to some resolution." *Id*. at ¶ 21. At that meeting, Attorney Millin admitted that the Board had no legal authority to fine property owners for code violations while it had no means for citizens to appeal municipal fines. *Id*. at ¶ 25.

On January 31, 2020, the Honorable John C. Reed of the Crawford County Court of Common Pleas dismissed the citation against Mr. Donahue stating:

> [T]his matter having come before this Court on the Defendant's appeal from a summary conviction and the Borough of Saegertown being represented by Attorney Jeffrey Millin, upon oral motion of the Commonwealth, it is hereby ordered that the citation is dismissed. It is further ordered that any fines, costs, or fees previously paid by the Defendant shall be refunded to him as soon as practical by the Clerk of Courts.

*Id*. at ¶ 23. Plaintiff alleges that by specifically requiring that Mr. Donahue be refunded "any" fines he had "previously paid," Judge Reed made a clear judicial determination that all the prior penalties to which Mr. Donahue has been subjected by the Borough, were reversed. *Id*. at ¶ 24. On February 1, 2020, Mr. Donahue received a reimbursement of $140. *Id*. at ¶ 25.

Based on these facts, Plaintiff brings an equal protection claim based on a class-of-one theory against Lawrence and the Borough. He alleges he was treated differently than other property owners, being repeatedly subjected to harassment for minor or perceived violations of the property code while neighboring properties sat in disrepair without reprimand. *Id*. at ¶ 36.

Plaintiff alleges that the disparate treatment was intentional and without rational basis. *Id*. at ¶¶ 37-38.

Next, Plaintiff raises a procedural due process claim against Lawrence and the Borough claiming he was subjected to governmental action which deprived him of property by subjecting him to fines and threats of fines, yet he was denied the legally prescribed method of appealing that action because no appeals board had been established. *Id*. at ¶ 48.

Finally, Plaintiff states a malicious prosecution claim under state law against Lawrence. Plaintiff claims Lawrence initiated criminal proceedings against him despite knowing that he had no right to do so because 1) Plaintiff was in compliance with property code requirements and 2) the Borough had no authority to issue citations without first setting up the appeal process. *Id*. at ¶ 55.

Plaintiff claims that his right to assert all of these claims did not accrue until January 31, 2020, the day his conviction was reversed by the Court of Common Pleas. *Id*. at ¶¶ 40, 49, 57.

## IV.     STATUTE OF LIMITATIONS

Defendants move to strike allegations at ¶ 15(a) through (i) of the complaint as time barred because the alleged conduct occurred more than two years prior to the filing of the complaint. These paragraphs span the time frame between May 24, 2010 through June 21, 2018.

Motions to strike are generally disfavored. *In re Chambers Dev. Sec. Litig*., 848 F.Supp. 602, 622 (W.D. Pa. 1994). Courts are generally reluctant to deny a party's claims or defenses and have declined to strike matters in pleadings absent clear immateriality or prejudice to the moving party. *Id*.

Defendants argue that the factual allegations involving conduct that predates February 1,

2018 are time barred by the two-year statute of limitations.[4] Plaintiff argues (and indeed alleges in his complaint[5]) that his claims did not accrue until the Court of Common Pleas reversed his conviction.

The two-year limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when "the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

While Defendants' statute of limitations argument is global, the statute of limitations analysis is not one-size-fits-all. Accrual dates vary based on the legal claim. *See, for example, Rose v. Bartle*, 871 F.2d 331, 348-351 (3d Cir. 1989) (for statute of limitations purposes, a § 1983 claim for false arrest accrues on the date of the plaintiff's arrest, while a malicious prosecution claim does not accrue until a favorable termination is obtained).

A review of the malicious prosecution claim alone defeats the motion to strike. A malicious prosecution claim does not accrue until the criminal proceedings end in a plaintiff's favor. The allegations that Defendants wish to strike are material to Plaintiff's malicious

---

[4] The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. *Sameric Corp. Del., Inc. v. City of Philadelphia*, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000).

[5] Although Plaintiff alleges that his "right to assert" all three legal claims "did not accrue until … the day his conviction was reversed by the Court of Common Pleas" (*id*. at ¶ ¶ 40, 49, 57), these statements are legal conclusions and are not entitled to "the assumption of truth" in the face of a motion to dismiss. *Williams v. Priliszh,* 2022 WL 808498, at *3 (M.D. Pa. Mar. 16, 2022) *quoting Santiago*, 629 F.3d at 130.

prosecution claim. One of the elements of such a claim[6] is that Defendants "acted maliciously or for a purpose other than bringing the plaintiff to justice." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) *citing Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) *and Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000). The contested allegations demonstrate a history between Plaintiff and Defendants and are not time barred because the malicious prosecution claim did not accrue until the criminal proceedings ended in Plaintiff's favor, January 31, 2020, well within two years of filing the complaint.[7] Moreover, the private criminal complaint itself references nineteen warnings dating back to May 24, 2010. This document, of which the Court take judicial notice, leads to the plausible inference (in favor of the non-movant) that the citation was based on all the warnings.

Here, Defendants' motion to strike will be denied as it appears that these allegations are material to Plaintiff's claims.

## V. THE EQUAL PROTECTION CLAIM

Plaintiff brings an equal protection claim based on a class-of-one theory against Lawrence and the Borough. He alleges he was treated differently than other property owners, being repeatedly subjected to harassment for minor or perceived violations of the property code while neighboring properties sat in disrepair without reprimand. ECF No. 1, at ¶ 36. Plaintiff alleges that the disparate treatment was intentional and without rational basis. *Id*. at ¶¶ 37-38.

---

[6] To state a malicious prosecution claim, a plaintiff must allege: 1) Defendants initiated a criminal proceeding; 2) The criminal proceeding ended in plaintiff's favor; 3) The proceeding was initiated without probable cause; and 4) The defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *Kossler*, 564 F.3d at 186, *citing Estate of Smith*, 318 F.3d at 521 *and Merkle*, 211 F.3d at 791.

[7] The complaint was filed on February 1, 2021.

8

Defendants move for dismissal of this claim because Plaintiff has not identified any similarly situated comparator to support his claim.

The Equal Protection Clause of the Fourteenth Amendment commands that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause does not preclude the government from distinguishing between persons and classes of persons, but rather precludes a state from "treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

A class-of-one equal protection claim occurs "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To state a class-of-once claim, a plaintiff must allege "(1) defendant treated him differently from others similarly situated, (2) defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Klein v. Donatucci*, 861 Fed. App'x 503, 507 (3d Cir. June 16, 2021) *quoting Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

District courts within the Third Circuit apply a "relaxed" pleading requirement to class-of-one theory cases, which "negates the need for specificity." *Id. quoting Phillips v. Cty. of Allegheny*, 515 F.3d 224, 244 (3d Cir. Feb. 5, 2008).[8] In *Phillips*, the Third Circuit held that a

---

[8] *Marinkovic v. Battaglia*, 2016 WL 3745856, at * 8 (W.D. Pa. July 8, 2016) (J. Hornak) ("While the first factor must be pled 'with specificity,' a complaint need not identify "'specific instances where others have been treated differently."); *O'Hara v. Hanley*, 2009 WL 2043490, at *8 (W.D. Pa. July 8, 2009) (J. Fischer) ("[T]o be adequately pled, the first element requires specific allegations of how Plaintiff was treated differently than those similarly situated. Specificity, however, is not required in this instance."); *Ashton v. Knepp*, 2014 WL 3845117, at *2 (M.D. Pa. Aug. 5, 2014) (citing *Phillips* as the standard and opining that "[t]his standard does not require specificity."). *Contra Save Our Saltsburg Schools v. Blairsville-Saltsburg Sch. Dist.*, 2021 WL 2209294, at * 4 (W.D. Pa. June 1, 2021) (J. Stickman) (opining that "to the extent that *Phillips* did not require the identification of specific instances of disparate treatment, it has likely been superseded by the tighter pleading standards required by *Iqbal*."); *Myers v. Shaffer*, 2012 WL

9

plaintiff is not required to identify "actual instances where others have been treated differently for purposes of equal protection[,]" but "an allegation of an equal protection violation still must contain a claim that a plaintiff has been treated differently from others who are similarly situated." 515 F.3d at 244.

Using *Phillips* as the guide, Plaintiff's allegations are sufficient to withstand the motion to dismiss. Plaintiff has pled that he was treated differently than the owners of other neighboring properties; that Defendants did so intentionally; and there was no rational basis for the difference in treatment. While Plaintiff will have to prove these allegations at trial or in the face of a motion for summary judgment, he should be allowed to proceed through discovery on this claim. The motion to dismiss will be denied.

## VI.   THE DUE PROCESS CLAIM

Plaintiff raises a procedural due process claim against Lawrence and the Borough claiming he was subjected to governmental action which deprived him of property by subjecting him to fines and threats of fines, yet he was denied the legally prescribed method of appealing that action because no appeals board had been established. *Id*. at ¶ 48.

To establish a claim for the deprivation of procedural due process rights, a plaintiff must show that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures

---

3614614, at *12 n.7 (W.D. Pa. 2012) (J. McVerry); *Professional Dog Breeders Advisory Council, Inc. v. Wolff*, 752 F.Supp.2d 575, 587 (E.D. Pa. 2010) ("Subsequent to *Phillips*, this District has further ruled that the relaxed standard of only having to generally plead that a plaintiff was treated differently than a similarly situated individual, does not enable said plaintiff to circumvent the basic requirements that 'a formulaic recitation of a cause of action's elements' is not sufficient to survive a motion to dismiss."); *Green v. Klinefetter*, 2017 WL 3401290 (M.D. Pa. Aug. 8, 2017).

available to him did not provide 'due process of law.'" *Leach v. Biscoe*, 2022 WL 453537, at \*6 (M.D. Pa. Feb 14, 2022) *quoting Hill*, 455 F.3d at 233-34.

Defendants do not argue that Plaintiff had no property interest, but instead argue that Plaintiff was provided due process under the law. ECF No. 14, pages 8-13. In support of that argument, Defendants cite to evidence including judicial records and letters between Plaintiff and Attorney Millin on behalf of the Borough.

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto, and matters of public record. *Pristas v. Esper*, 2018 WL 1427089, at \*6 (W.D. Pa. 2018) *citing Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). An exception to this general rule is "undisputedly authentic documents if the complainant's claims are based upon these documents." *Id. quoting Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may consider "items subject to judicial notice," without converting the motion to dismiss into one for summary judgment. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) *quoting* 5B Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2004). This Court will take judicial notice of the court documents and consider them at this stage of the proceedings. However, consideration of non-court documents and the arguments based on those would require the conversion of the motion to dismiss into a motion for summary judgment. This the Court will not do since Plaintiff has had no opportunity for discovery.

Plaintiff has alleged that there was no process or procedure by which he could appeal the property citation; that the Borough failed to set up an appeals board as it was required to do under the terms of its own property code; and that the Borough failed to provide any alternative procedure by which to appeal the citations. None of the judicial records show otherwise.

The touchstone of procedural due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003). At trial, Plaintiff will have to demonstrate, inter alia, the lack of the opportunity to be heard, but his factual allegations in this regard are sufficient to withstand the motion to dismiss.

An appropriate Order follows this Memorandum Opinion. An Initial Case Management Conference will be set by separate Order.